UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN RULLI,<br>on behalf of himself and all<br>others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>CB RICHARD ELLIS, Inc.,<br>a Foreign Corporation,<br><br>        Defendant. | CIVIL ACTION No.<br><br><br>COLLECTIVE ACTION<br>COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), § 216(b), by Plaintiff John Rulli (hereinafter "Plaintiff") on behalf of himself and all other similarly situated current and former hourly maintenance employees of CB Richard Ellis, Inc. for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. CB Richard Ellis, Inc., a foreign corporation, is a real estate services company that provides services to clients throughout the country. The unlawful compensation system at issue in this Complaint affects CB Richard Ellis' current and former maintenance employees who worked in hourly positions and who have been forced to work hours "off the clock" and in excess of forty (40) hours a week without receiving either their agreed upon hourly compensation and/or the requisite overtime premium for each hour worked. CB Richard Ellis'

hourly maintenance employees are given personal data assistants ("PDA's"), such as BlackBerrys, smart phones, cell phones, pagers or other communications devices which they are required to use outside their normal working hours without receiving any compensation for such hours. CB Richard Ellis' deliberate failure to compensate its employees for these hours worked violates federal law as set forth in the Fair Labor Standards Act of 1938.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because this district is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and defendant has substantial and systematic contacts in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Defendant CB Richard Ellis, Inc. is a foreign corporation doing business throughout the country and within the State of Wisconsin with a principal place of business at 11150 Santa Monica Boulevard, Suite 1600, in the City of Los Angeles, in the state of California, 90025. CB Richard Ellis operates an office at 777 East Wisconsin Avenue, Suite 3250, in the City of Milwaukee, County of Milwaukee, in the State of Wisconsin, 53202. CB Richard Ellis' registered agent for service of process in the State of Wisconsin is CT Corporation System located at 8040 Excelsior Drive, Suite 200, in the City of Madison, County of Dane, in the State of Wisconsin, 53717.

7. Plaintiff John Rulli is an adult who resides at W170 S6804 Timber Court, in the City of Muskego, County of Waukesha, State of Wisconsin, 53150. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto and made a part hereof as Exhibit A.

8. Plaintiff is a former CB Richard Ellis employee who worked at CB Richard Ellis within the last three years from the date of filing of this Complaint, and can be generally categorized herein as an "hourly maintenance employee." Plaintiff performed the same job duties as other hourly maintenance employees employed by CB Richard Ellis through the United States and was subjected to the same denial of compensation as those other hourly maintenance employees.

## GENERAL ALLEGATIONS

9. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> Collective Class: All persons who are or have been employed by CB Richard Ellis as an hourly maintenance employee who worked off the clock without receiving compensation for each hour worked, including overtime compensation, at any time within three years prior to this action's filing date through the final disposition of this case (hereinafter "Collective Class").

10. Plaintiff and the Collective Class work or have worked for CB Richard Ellis performing maintenance at various facilities owned, operated or managed by CB Richard Ellis.

11. Plaintiff and the Collective Class were compensated on an hourly basis.

12. Upon information and belief, CB Richard Ellis directed or suffered and permitted Plaintiff and the Collective Class to work without being paid appropriate compensation for each hour worked.

13. Upon information and belief, CB Richard Ellis knew that Plaintiff and the Collective Class performed work that required payment of minimum wages and overtime compensation. Upon information and belief, Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate Plaintiff and the Collective Class for all hours worked.

14. CB Richard Ellis required Plaintiff and the Collective Class to be on-call twenty four (24) hours per day, seven (7) days per week. Plaintiff and the Collective Class were given personal data assistants ("PDA's"), such as BlackBerry devices, smart phones, cell phones, pagers or other similar device so that they could access work related e-mails, voicemails, and work orders regardless of their location. Plaintiff and the Collective Class received phone calls, e-mails and work orders while off the clock and were regularly not compensated for the time spent receiving and responding to these communications. CB Richard Ellis requires Plaintiff and the Collective Class to answer and/or respond to incoming messages and/or phone calls within fifteen (15) minutes of receiving said phone call regardless of and without receiving compensation for the time spent doing so.

15. CB Richard Ellis suffered or permitted Plaintiff and the Collective Class to regularly work through lunch breaks without being compensated.

16. CB Richard Ellis required Plaintiff and the Collective Class to participate in online training and continuing education programs without compensating them for the time Plaintiff and the Collective Class spent performing these tasks.

17. Plaintiff and the Collective Class do not have a time clock which they punch in and punch out each workday.

18. CB Richard Ellis does not maintain proper time records for Plaintiff and the Collective Class. CB Richard Ellis does not maintain proper records of the beginning and end of Plaintiff and the Collective Class' work days nor do they maintain proper records of Plaintiff and the Collective Class' breaks.

19. CB Richard Ellis requires Plaintiff and the Collective Class to record portions of their time on work orders. CB Richard Ellis does not allow Plaintiff and the Collective Class to record all hours they worked for CB Richard Ellis on their work orders.

20. CB Richard Ellis' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

21. The First Claim for Relief is properly brought under and maintained as an opt-in Collective Action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b) by Plaintiff on behalf of Collective Class employed by CB Richard Ellis within three years prior to the filing of this action.

22. The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

23. Upon information and belief, Plaintiff and the Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to CB Richard Ellis decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the Collective Class.

24. Plaintiff, individually and on behalf of other such similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, CB Richard Ellis' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including overtime compensation.

25. The Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, and addresses are readily available from the CB Richard Ellis. Notice can be provided to the Collective Class via first class mail to the last address known to CB Richard Ellis and through electronic mail using CB Richard Ellis' electronic mail system.

## CLAIM FOR RELIEF
(Violation of the Fair Labor Standards Act of 1938)

26. Plaintiff, on behalf of himself and the Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

27. At all time material herein, the Collective Class has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

28. The individually named Plaintiff and the Collective Class are victims of a uniform and company-wide compensation policy and practice in violation of the FLSA.

29. CB Richard Ellis violated the FLSA by failing to account for and compensate Plaintiff and the Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each work week.

30. In perpetrating these unlawful practices, CB Richard Ellis has also willfully failed to keep accurate records for all of the time worked by Plaintiff and the Collective Class.

31. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods

for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a) (1).

32. CB Richard Ellis was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

33. CB Richard Ellis' failure to properly compensate the Plaintiff and the Collective Class and failure to properly record all compensable work time was willfully perpetrated. CB Richard Ellis has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that CB Richard Ellis did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

34. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by CB Richard Ellis from Plaintiff and the Collective Class for which CB Richard Ellis is liable pursuant to 29 U.S.C. § 216(b).

35. Plaintiff and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because CB Richard Ellis acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

36. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former CB Richard Ellis hourly maintenance employees of this action and their rights to participate in this action and including such future employees who may commence employment with CB Richard Ellis during the pendency of this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly situated current, future, and qualified former employees that it is illegal for CB Richard Ellis to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring CB Richard Ellis' actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring CB Richard Ellis to pay Plaintiff and all other similarly situated employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring CB Richard Ellis to pay Plaintiff and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing CB Richard Ellis to reimburse Plaintiff and all other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under federal law.

Dated this 13th day of March 2009

                              Respectfully submitted,

                              Larry A. Johnson
                              WI State Bar No. 1056619
                              Nola J. Hitchcock Cross
                              WI State Bar No. 1015817

Cross Law Firm, S.C.
The Lawyers' Building
845 N. 11th Street
Milwaukee, WI 53233
(414) 224-0000 (office)
(414) 273-7055 (facsimile)


Defendant may be served at:
CB Richard Ellis, Inc.
c/o CT Corporation System
8040 Excelsior Drive, Suite 200
Madison, WI 53717

# Exhibit A

## CB RICHARD ELLIS, INC.
## PLAINTIFF CONSENT FORM

I hereby consent to make a claim against CB Richard Ellis, Inc. for overtime and/or minimum wage pay. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against CB Richard Ellis, Inc. During the past three years there were times that I worked hours "off the clock" as an hourly maintenance employee that I was not compensated for in an amount at least equal to the minimum wage. Additionally there were times during the past three years that I worked more than forty (40) hours per week and did not receive overtime compensation and/or the minimum wage

REDACTED

3-13-09
DATE

*[signature]*
Signature

John A. Rulli
Print Name

Please Return Form to:   Cross Law Firm, S.C.
Attn: Larry A. Johnson
505 Arcadian Avenue
Waukesha, WI 53186
Fax: 414-273-7055
Phone: 414-224-0000
Email: ljohnson@crosslawfirm.com
Web: www.crosslawfirm.com