IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN RULLI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CB RICHARD ELLIS, INC.,<br>a Foreign Corporation<br><br>Defendant. | Case No. 09-cv-0289 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, CB RICHARD ELLIS, INC.("Defendant" or "CB Richard Ellis"), pursuant to Fed. R. Civ. P. 8 and 12 states as follows for its Answer to Plaintiff John Rulli's Complaint:

### PRELIMINARY STATEMENT

### COMPLAINT ¶ NO. 1:

This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), § 216(b), by Plaintiff John Rulli (hereinafter "Plaintiff") on behalf of himself and all other similarly situated current and former hourly maintenance employees of CB Richard Ellis, Inc. for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

### ANSWER:

Defendant admits that Plaintiff purports to bring this action and seek relief under the statute listed. Defendant denies the remaining allegations of this paragraph.

### COMPLAINT ¶ NO. 2:

CB Richard Ellis, Inc., a foreign corporation, is a real estate services company that provides services to clients throughout the country. The unlawful compensation system at issue in this Complaint affects CB Richard Ellis' current and former maintenance employees who worked in hourly positions and who have been forced to work hours "off the clock" and in excess of forty (40) hours a week without receiving either their agreed upon hourly

compensation and/or the requisite overtime premium for each hour worked. CB Richard Ellis' hourly maintenance employees are given personal data assistants ("PDA's"), such as BlackBerrys, smart phones, cell phones, pagers or other communications devices which they are required to use outside their normal working hours without receiving any compensation for such hours. CB Richard Ellis' deliberate failure to compensate its employees for these hours worked violates federal law as set forth in the Fair Labor Standards Act of 1938.

**ANSWER:**

Defendant admits that it is a foreign corporation which provides certain real estate services to clients globally, including the United States. Defendant also admits that some of its maintenance employees are given personal data assistants. Defendant denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶ NO. 3:**

This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 4:**

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because this district is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and defendant has substantial and systematic contacts in this district.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 5:**

This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**

Defendant admits the allegations of this paragraph.

## PARTIES

**COMPLAINT ¶ NO. 6:**

Defendant CB Richard Ellis, Inc. is a foreign corporation doing business throughout the country and within the State of Wisconsin with a principal place of business at 11150 Santa Monica Boulevard, Suite 1600, in the City of Los Angeles, in the state of California, 90025. CB Richard Ellis operates an office at 777 East Wisconsin Avenue, Suite 3250, in the City of Milwaukee, County of Milwaukee, in the State of Wisconsin, 53202. CB Richard Ellis' registered agent for service of process in the State of Wisconsin is CT Corporation System located at 8040 Excelsior Drive, Suite 200, in the City of Madison, County of Dane, in the State of Wisconsin, 53717.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 7:**

Plaintiff John Rulli is an adult who resides at W170 S6804 Timber Court, in the City of Muskego, County of Waukesha, State of Wisconsin, 53150. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto and made a part hereof as Exhibit A.

**ANSWER:**

Defendant admits that Plaintiff John Rulli is an adult and that he attached a Notice of Consent to Join this collective action as Exhibit A to the complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegation in Paragraph 7 that Plaintiff resides at W170 S6804 Timber Court, in the City of Muskego, County of Waukesha, State of Wisconsin, 53150. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 8:**

Plaintiff is a former CB Richard Ellis employee who worked at CB Richard Ellis within the last three years from the date of filing of this Complaint, and can be generally categorized herein as an "hourly maintenance employee." Plaintiff performed the same job duties as other hourly maintenance employees employed by CB Richard Ellis through the United States and was subjected to the same denial of compensation as those other hourly maintenance employees.

**ANSWER:**

Defendant admits that Plaintiff is a former CB Richard Ellis employee who worked for the company within the last three years from the date of filing of this Complaint. Defendant denies the remaining allegations of this paragraph.

## GENERAL ALLEGATIONS

**COMPLAINT ¶ NO. 9:**

Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> Collective Class: All persons who are or have been employed by CB Richard Ellis as an hourly maintenance employee who worked off the clock without receiving compensation for each hour worked, including overtime compensation, at any time within three years prior to this action's filing date through the final disposition of this case (hereinafter "Collective Class").

**ANSWER:**

Defendant admits that Plaintiff purports to bring this case as a collective action under the statute listed. Defendant denies that the purported collective class of employees are similarly situated to Plaintiff or each other. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 10:**

Plaintiff and the Collective Class work or have worked for CB Richard Ellis performing maintenance at various facilities owned, operated or managed by CB Richard Ellis.

**ANSWER:**

Plaintiff admits that Plaintiff and some other maintenance employees performing similar duties work or have worked for CB Richard Ellis performing maintenance at various facilities owned, operated or managed by CB Richard Ellis. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 11:**

Plaintiff and the Collective Class were compensated on an hourly basis.

**ANSWER:**

Defendant admits that Plaintiff and some other maintenance employees performing similar duties were compensated based on their total hours worked. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 12:**

Upon information and belief, CB Richard Ellis directed or suffered and permitted Plaintiff and the Collective Class to work without being paid appropriate compensation for each hour worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 13:**

Upon information and belief, CB Richard Ellis knew that Plaintiff and the Collective Class performed work that required payment of minimum wages and overtime compensation. Upon information and belief, Defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate Plaintiff and the Collective Class for all hours worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 14:**

CB Richard Ellis required Plaintiff and the Collective Class to be on-call twenty four (24) hours per day, seven (7) days per week. Plaintiff and the Collective Class were given personal data assistants ("PDA's"), such as BlackBerry devices, smart phones, cell phones, pagers or other similar device so that they could access work related e-mails, voicemails, and work orders regardless of their location. Plaintiff and the Collective Class received phone calls, e-mails and work orders while off the clock and were regularly not compensated for the time spent receiving and responding to these communications. CB Richard Ellis requires Plaintiff and the Collective Class to answer and/or respond to incoming messages and/or phone calls within fifteen (15) minutes of receiving said phone call regardless of and without receiving compensation for the time spent doing so.

**ANSWER:**

Defendant admits that Plaintiff and some other maintenance employees were given personal data assistants to help execute their duties. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 15:**

CB Richard Ellis suffered or permitted Plaintiff and the Collective Class to regularly work through lunch breaks without being compensated.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 16:**

CB Richard Ellis required Plaintiff and the Collective Class to participate in online training and continuing education programs without compensating them for the time Plaintiff and the Collective Class spent performing these tasks.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 17:**

Plaintiff and the Collective Class do not have a time clock which they punch in and punch out each workday.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 18:**

CB Richard Ellis does not maintain proper time records for Plaintiff and the Collective Class. CB Richard Ellis does not maintain proper records of the beginning and end of Plaintiff and the Collective Class' work days nor do they maintain proper records of Plaintiff and the Collective Class' breaks.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 19:**

CB Richard Ellis requires Plaintiff and the Collective Class to record portions of their time on work orders. CB Richard Ellis does not allow Plaintiff and the Collective Class to record all hours they worked for CB Richard Ellis on their work orders.

**ANSWER:**

Defendant admits that Plaintiff and some other maintenance employees were required to record their time on certain work orders. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 20:**

CB Richard Ellis' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

**COMPLAINT ¶ NO. 21:**

The First Claim for Relief is properly brought under and maintained as an opt-in Collective Action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b) by Plaintiff on behalf of Collective Class employed by CB Richard Ellis within three years prior to the filing of this action.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action as a collective action under the statute listed. Defendant denies that this action is suitable for collective action treatment and denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 22:**

The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 23:**

Upon information and belief, Plaintiff and the Collective Class are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to CB Richard Ellis decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the Collective Class.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 24:**

Plaintiff, individually and on behalf of other such similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, CB Richard Ellis' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including overtime compensation.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action on behalf of himself and other such similarly situated employees and seeks relief under the FLSA. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 25:**

The Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, and addresses are readily available from the [sic] CB Richard Ellis. Notice can be provided to the Collective Class via first class mail to the last address known to CB Richard Ellis and through electronic mail using CB Richard Ellis' electronic mail system.

**ANSWER:**

Defendant admits that, if this case was certified as a collective action, notice could be sent via first class mail. Defendant denies the allegations of the remaining paragraph.

8

CH1 11692504.1
Case 2:09-cv-00289-PJG    Filed 04/13/09    Page 8 of 13    Document 5

## CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act of 1938)

**COMPLAINT ¶ NO. 26:**

Plaintiff, on behalf of himself and the Collective Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

**ANSWER:**

Defendant incorporates its answers to every paragraph above as though fully set forth herein.

**COMPLAINT ¶ NO. 27:**

At all time material herein, the Collective Class has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

**ANSWER:**

Defendant denies that this case involves a proper "collective class." Defendant admits the remaining allegations of this paragraph.

**COMPLAINT ¶ NO. 28:**

The individually named Plaintiff and the Collective Class are victims of a uniform and company-wide compensation policy and practice in violation of the FLSA.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 29:**

CB Richard Ellis violated the FLSA by failing to account for and compensate Plaintiff and the Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each work week.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 30:**

In perpetrating these unlawful practices, CB Richard Ellis has also willfully failed to keep accurate records for all of the time worked by Plaintiff and the Collective Class.

9

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 31:**

The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 32:**

CB Richard Ellis was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶ NO. 33:**

CB Richard Ellis' failure to properly compensate the Plaintiff and the Collective Class and failure to properly record all compensable work time was willfully perpetrated. CB Richard Ellis has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that CB Richard Ellis did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 34:**

As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by CB Richard Ellis from Plaintiff and the Collective Class for which CB Richard Ellis is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 35:**

Plaintiff and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because CB Richard Ellis acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶ NO. 36:**

Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims, and those of any putative plaintiffs on behalf of whom he purports to bring this action, are barred, to the extent that they are beyond the statute of limitations.

2. The claim for liquidated damages is foreclosed by virtue of Defendant's good faith and reasonable belief that it was acting in accordance with the FLSA by adopting and enforcing compensation policies and practices consistent with the FLSA's requirements and definition of hours worked, and was not in violation of those laws.

3. Plaintiff's claims, and those of any putative plaintiffs on behalf of whom he purports to bring this action, are barred by the doctrine of estoppel to the extent he claims hours worked that he had an opportunity to report but failed to do so.

**DATED: April 13, 2009**                                    Respectfully submitted,

                                                             CB RICHARD ELLIS, INC.,


                                                             By: /s/      Noah A. Finkel
                                                                       One of Its Attorneys


| | |
|---|---|
| Noah A. Finkel | Laura A. Lindner |
| Colin M. Connor | LINDNER & MARSACK SC |
| SEYFARTH SHAW LLP | 411 East Wisconsin Ave. |
| 131 South Dearborn Street | Suite 1800 |
| Suite 2400 | Milwaukee, WI 53202 |
| Chicago, Illinois 60603 | Phone: (414) 223-3134 |
| Phone: (312) 460-5000 | Fax:    (414) 298-9870 |
| Fax:    (312) 460-7000 | llindner@lindner-marsack.com |
| nfinkel@seyfarth.com | |
| cconnor@seyfarth.com | |

# CERTIFICATE OF SERVICE

      I, Noah A. Finkel, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT to be served upon the following counsel of record on April 13, 2009 through the Court's electronic filing system:

>Larry A. Johnson
>Nola J. Hitchcock Cross
>Cross Law Firm, S.C.
>The Lawyers' Building
>845 N. 11th Street
>Milwaukee, WI 53233

                /s/      Noah A. Finkel