**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JOHN RULLI,
on behalf of himself and
all others similarly situated,

    Plaintiffs,

    v.                                                          Case No. 09-CV-00289

CB RICHARD ELLIS, INC.,

    Defendant.

## **DECISION AND ORDER**

### **NATURE OF CASE**

On March 13, 2009, the plaintiff, John Rulli, filed a collective action complaint on behalf of himself and all others similarly situated against his former employer, CB Richard Ellis, Inc. (CBRE) pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216(b). The complaint alleges that defendant CBRE violated the FLSA by requiring current and former hourly maintenance employees to work hours "off the clock" and in excess of forty (40) hours a week without receiving either their agreed upon hourly compensation and/or the requisite overtime premium for each hour worked.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

On August 10, 2009, the plaintiff filed a motion for conditional certification of a collective class pursuant to § 216(b) of the FLSA. The plaintiff also seeks approval of the proposed notice to putative plaintiffs and the issuance of an order of production requiring the defendant to generate a complete list of hourly maintenance employees in the Wisconsin Region[1] as necessary to facilitate notice.

## MOTION TO CERTIFY CONDITIONAL CLASS

### Allegations of Complaint

The plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The plaintiff defines the similarly situated employees who comprise the collective class as:

> Collective Class: All persons who are or have been employed by CB Richard Ellis as an hourly maintenance employee who worked off the clock without receiving compensation for each hour worked, including overtime compensation, at any time within three years prior to this action's filing date through the final disposition of this case (hereinafter "Collective Class").

(Complaint ¶ 9).

The plaintiff alleges that CBRE directed or suffered and permitted the plaintiff and the collective class to work without being paid appropriate compensation for each hour worked. Id. ¶ 12. The plaintiff further alleges that the defendant has operated under a scheme to deprive these employees of the requisite compensation by failing to compensate them for all hours worked. Id. ¶¶ 12-13.

The complaint lists four specific allegations: (1) the plaintiff and the potential plaintiffs were forced to work "off the clock" without receiving compensation for that time; (2) they were

---

[1] The plaintiff states that, pursuant to an oral agreement between the plaintiff and the defendant regarding a discovery plan, the plaintiff will be filing a motion for conditional certification of a nationwide collective action class at a later date. See Plaintiff's Brief in Support of Motion for Conditional Certification [Plaintiffs Brief] at 5, n.1.

forced to carry and use cellular phones, pagers, Blackberrys, and/or other personal data assistants (PDA) during periods not compensated for and not recorded as hours worked; (3) hourly maintenance employees worked through their unpaid lunch period and were required to participate in online training without being paid for the time it took to partake in such training; (4) CBRE failed to maintain proper records of the hours worked by each hourly maintenance employee.

The defendant opposes the motion on several grounds. The defendant contends that the plaintiff has not identified an appropriate class or established that a class of similarly situated employees exist or that he is similarly situated to putative class members.[2] The defendant also asserts that there are individual factual differences and variations among the hourly services maintenance technicians which are grounds for denying the plaintiff's motion.

## Analysis

The FLSA permits collective action "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). FLSA class action suits differ substantially from typical class action suits under Fed. R. Civ. P. 23. Woods v. N.Y. Life Ins. Co., 686 F.2d 578, 579-80 (7th Cir. 1982); Schmidt v. Fuller Brush Co., 527 F.2d 532 (8th Cir. 1975). Unlike a typical class action suit under Rule 23 where an unwilling plaintiff must "opt out" of the class to avoid being bound by the judgment, in a class action under § 216(b) of the FLSA, an employee or former employee must "opt in" to the class by filing a written consent to join the action. Woods, 686 F.2d at 579-80. DeKeyser v. Thyssenkrupp Waupaca, Inc., 2008 U.S. Dist. LEXIS 102318 at *4-5 (E.D. Wis. Dec. 17, 2008).

---

[2] The defendant asserts that it did not employ the plaintiff and other technical services hourly maintenance employees until December 2007.

"District courts may, in their discretion, facilitate notice to potential plaintiffs to a FLSA collective action to implement this "opt-in" procedure." DeKeyser, 2008 U.S. Dist. LEXIS 102318 at *5 (citing Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 169 [1989]). "The critical inquiry in determining whether a court should exercise its discretion to authorize the sending of notice to potential plaintiffs is whether the representative plaintiff has shown that she is similarly situated to the potential class plaintiffs." DeKeyser, 2008 U.S. Dist. LEXIS 102318 at *5 (quoting Austin v. CUNA Mutual Ins. Society, 232 F.R.D. 601, 605 [W.D. Wis. 2006]). The "similarly situated" standard for certifying a 29 U.S.C. 216(b) collective action is considerably more liberal than under Fed. R. Civ. P. 23. See Lynch v. United Servs. Auto Ass'n, 491 F. Supp. 2d 357 (S.D.N.Y. 2007).

The FLSA does not set out a method for determining whether potential plaintiffs are similarly situated to the representative plaintiff. However, to make this determination, numerous courts have adopted a two-step approach." Adair v. Wisconsin Bell, Inc., 2008 U.S. Dist. LEXIS 68942 at *6-7 (E.D. Wis. Sept. 11, 2008) (collecting cases); Sjoblom v. Charter Communications, LLC, 2007 U.S. Dist. LEXIS 93879 at *24 [W.D. Wis.. 2007] [collecting cases]).

During the first step, which occurs early in the case, the court must determine whether the plaintiff has established a "reasonable basis" for believing that he is similarly situated to potential class members. Adair, 2008 U.S. Dist. LEXIS at *7; see generally, Austin v. CUNA Mutual Ins. Soc., 232 F.R.D. 601, 605 (W.D. Wis. 2006). If the plaintiff has made such a showing, the court conditionally certifies the class, authorizes notice and the parties then conduct discovery. Sjoblom, 2007 U.S. Dist. LEXIS 93879 at *25. Then notice may be sent to other potential members of the class. Adair, 2008 U.S. Dist. LEXIS 68942 at *3. Thereafter, "typically upon a defense motion for decertification at the close of discovery, the

court proceeds to step two, at which point it must determine whether the plaintiffs who have opted in are, in fact, similarly situated." Id. at *7.

At the present time, the plaintiff is at the first step, seeking initial conditional certification of the class and judicial approval of a proposed notice to potential members of the class. At this first step, courts have applied varied analyses for determining whether potential plaintiffs are similarly situated. See Id. at *8 (quoting Acevedo v. Ace Coffee Bar, Inc., 248 F.R.D. 550, 555 [N.D. Ill. 2008] [collecting cases]). A few courts have held that a plaintiff may demonstrate a reasonable basis for conditional certification based solely on the allegations of the complaint, but many other courts require some factual support for a plaintiff's allegations. Adair, 2008 U.S. Dist. LEXIS 68942 at *8 (collecting cases).

In Adair, the court concluded that a plaintiff seeking conditional certification at the first stage must make "at least a modest factual showing that such collective action is appropriate before a class is even conditionally certified." Id. at *11; see also DeKeyser, 2008 U.S. Dist. LEXIS 102318 at *6-7. Although the modest factual showing standard is not a particularly arduous burden to meet, it "'is not a mere formality.'" Adair, 2008 U.S. Dist. LEXIS 68942 at *9 (quoting Boyd v. Jupiter Aluminum Corp., 2006 U.S. Dist. LEXIS 35654 at *9 (N.D. Ind. 2006). Thus, "the plaintiff must demonstrate that there is some factual nexus that connects him to other potential plaintiffs as victims of an unlawful practice." Sjoblom, 2007 U.S. Dist. LEXIS 93879 at *27. To meet this burden, courts rely on the complaint and any affidavits of the plaintiff and/or potential plaintiffs. Id.

Upon review of the relevant case law, the court finds the reasoning of the court in Adair compelling. Accordingly, the court concludes that the plaintiff must make a modest factual showing that collective action is warranted before conditional certification is granted.

- 5 -
Case 2:09-cv-00289-PJG   Filed 01/11/10   Page 5 of 8   Document 42

The plaintiff seeks to represent all current and former maintenance workers employed by the defendant who are or were paid on an hourly basis and who are or have engaged in certain activities without receiving appropriate compensation. The defendant argues that the plaintiff has failed to identify an appropriate class and that the plaintiff's definition of the collective class is overly broad. The defendant maintains that the definition of the class is not appropriate because there are several distinctions between the job duties and responsibilities of their various hourly maintenance employees. Specifically, the defendant asserts that (1) some maintenance technicians are stationary, while others are mobile; (2) some technicians service several properties, while others service only one; (3) some technicians carry a Blackberry to receive after-hours maintenance requests, while others do not; and (4) the buildings serviced by different maintenance technicians are varied and distinct (e.g., some are office buildings and others are vacant properties). The defendant also asserts that the plaintiff and the proposed plaintiffs are not similarly situated and challenges parts of the affidavits submitted by the plaintiff in support of his motion for conditional certification.

Contrary to the defendant's assertions, an exact symmetry in job duties is not necessary for the court to conclude at this stage that the potential plaintiffs are, in fact, similarly situated. Adair 2008 U.S. Dist. LEXIS 68942 at *7. The plaintiff merely must demonstrate by a modest showing of fact that the potential class was subjected to the same common policies and/or procedures that violated the FLSA. Thus, there simply needs to be some factual nexus between the job duties of the plaintiff and the proposed class. See Sjoblom, U.S. Dist. LEXIS 93879 at *27. This burden may be met by relying on specific allegations of the complaint and the affidavits of the plaintiff and potential plaintiffs. See Sjoblom, 2007 U.S. Dist. LEXIS at 27; Lynch v. United Servs. Auto Ass'n., 491 F. Supp. 2d 357 (S.D.N.Y. 2007). Credibility determinations are not made during the conditional

certification stage. See Ahle v. Veracity Researcy Co., 2009 U.S. Dist. LEXIS 87590 at *11 (D. Minn. Sept. 23, 2009).

There is no bright-line rule for how many affidavits a plaintiff must present to meet this threshold. However, as the plaintiff notes, a motion for conditional certification was approved in at least one case where only one affidavit was submitted in support of the allegations in the complaint. See Young v. Cooper Cameron Corp., 229 F.R.D 50, 55 (S.D.N.Y. 2005). In another case, two affidavits were found to be sufficient to allow conditional certification and judicial notice. See Guerra v. Big Johnson Concrete Pumping, Inc., 2006 WL 2290512 at *3-4 (S.D. Fla. May 17, 2006). The submission of additional affidavits, beyond those of the named plaintiffs, is not necessary to make a "similarly situated" showing. See Trezvant v. Fidelity Emplr. Servs. Corp., 434 F. Supp. 2d 40 (D. Mass. 2006).

In this case, the plaintiff is seeking to represent employees who fall generally under the same employee compensation agreement (hourly employees) and who performed the same or very similar tasks (maintenance in buildings). The plaintiff has alleged that he and potential class members were subjected to common policies and procedures that forced them to work "off the clock" and/or in excess of forty hours a week. The plaintiff has sufficiently supported the allegations in the complaint with affidavits from current and former employees of the defendant. Many of the defendant's arguments about dissimilarities between the plaintiff and potential plaintiffs are more properly raised after the parties conduct further discovery. See Sjoblom, 2007 U.S. Dist. 93879 at *29. It is not until the decertification stage that the court makes a factual determination – using information gained from discovery – as to whether prospective plaintiffs are, in fact, similarly situated. Adair, 2008 U.S. Dist. LEXIS 68942 at *7; see also, White v. MPW Industrial Servs., 236 F.R.D. 363, 372 (E.D. Tenn. 2006) (collecting cases).

At this stage, the court concludes that the plaintiff's definition of the proposed collective class is not overly broad and that the plaintiff has made a modest factual showing that the potential plaintiffs are similarly situated to him. Accordingly, for the reasons stated herein, the plaintiff's motion for conditional certification under 29 U.S.C. § 216(b) will be granted.

Based on the defendant's request, the court will also order the parties to attempt to agree upon the form of the notice to be disseminated to members of the potential collective action class in the Wisconsin Region and to attempt to resolve their dispute over the scope of production of the identities of potential class members. The plaintiff shall inform the court by January 28, 2010, as to whether the parties were able to come to an agreement.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for conditional certification be and hereby is **granted**. (Docket # 21).

**IT IS FURTHER ORDERED** that the parties shall attempt to agree upon the form of the notice to be disseminated to the potential collective action class members. The plaintiff shall inform the court by **January 28, 2010**, as to whether the parties were able to come to an agreement.

**IT IS FURTHER ORDERED** that the parties shall attempt to resolve their dispute over the scope of production of the identities of potential collective action class members. The plaintiff shall inform the court by **January 28, 2010**, as to whether the parties were able to resolve their dispute.

Dated at Milwaukee, Wisconsin this 11th day of January, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge